UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | 06-40211-FDS |
| v. | ) ) | |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON MOTION OF DEFENDANT MBTA TO COMPEL
COMPLIANCE WITH KEEPER OF THE RECORDS DEPOSITION SUBPOENA**

**SAYLOR, J.**

Defendant Massachusetts Bay Transportation Authority ("MBTA") has moved for an order compelling the keeper of the records of the law offices of Douglas K. Sheff, Esq., to comply with a deposition subpoena.

This action involves a dispute between the MBTA and plaintiff CSX Transportation, Inc., concerning an indemnity agreement. CSX was a defendant in a state court wrongful-death action in which attorney Donald R. Grady, Jr., of the Sheff Law Offices represented the plaintiff, the estate of Robert McTague. CSX and the Estate settled that portion of the claim for $625,000. All of the settlement proceeds were allocated by the Estate to his claims for compensatory damages (which are subject to the indemnity agreement); none were allocated to his claims for punitive damages based on gross negligence (which are not). The parties are now litigating, among other things, whether that allocation was appropriate.

In connection with an earlier motion filed in this case, CSX submitted an affidavit of Mr. Grady, counsel for McTague. Among other things, Grady's affidavit included the following:

> [U]pon my recommendation and advice, the Estate voluntarily dismissed with prejudice any allegations of grossly negligent, malicious, willful, wanton or reckless conduct by CSXT. (¶ 4);
>
> [U]pon my recommendation and advice, the Estate voluntarily dismissed any claims of punitive damages against CSXT. (¶ 5);
>
> [For tax reasons] and in consideration of other legal and evidentiary issues, including liability, appellate and collectability considerations, I recommended and advised that the Estate voluntarily dismiss its punitive damages claims and settle its compensatory damages claims. (¶ 11);
>
> On my recommendations and advice, the Estate dismissed its punitive damages claims and agreed to settle its claims for compensatory damages only. (¶ 12);
>
> The Estate dismissed the punitive damages claims and settled only its claims for compensatory damages based upon tax considerations, liability considerations, appellate and evidentiary issues, all of which played a role in determining the best interests of the estate and its beneficiaries. (¶ 14);
>
> I would have recommended and advised the Estate to allocate the settlement proceeds in this manner and to dismiss the punitive damages claims even if the MBTA had provided CSXT a defense. (¶ 16);
>
> The Estate and CSXT did not collude or conspire to undertake any wrongful or insidious acts against the MBTA when entering into the Settlement Agreement. (¶ 17);
>
> The Estate did not enter into the Settlement Agreement so as to assist CSXT to recover indemnity from the MBTA in the instant action. (¶ 18);
>
> The Estate's decision to dismiss its punitive damages claims did not result from some form of collusion or improper agreement with CSXT that had the purpose of improperly affecting the MBTA's right in the instant action. (¶ 19).

The MBTA has served a keeper of records deposition subpoena on the Sheff Law Offices in order to obtain documents, ostensibly to explore the issues set forth in his affidavit.

When a party submits an affidavit to a court, that party ordinarily does so in the hope and expectation that the court will credit that testimony and rule in that party's favor on whatever issue is in dispute. It follows that if the subject matter of the affidavit is in dispute, the affiant should be subject to cross-examination as to those issues. To hold otherwise would violate the most basic principles of fairness and justice, and undermine the adversarial process; it would effectively permit one party to submit its own version of the facts, and preclude the other from putting that version to the test of cross-examination. Effective cross-examination, in turn, would normally require production of the relevant underlying records.

Here, CSX submitted the affidavit of Mr. Grady in order to convince the Court that the allocation of the settlement amount was reasonable. Mr. Grady has, thus, in substance, testified under oath to the Court. He did not have to do so; he was not under subpoena. It would be unfair under the circumstances to preclude the MBTA from conducting any discovery at all on those topics.

The Sheff firm opposes the motion to compel on the grounds that the subjects of the proposed deposition are protected by the attorney-client privilege and the attorney work-product doctrine. To the extent that any matter set forth in the affidavit was once privileged or protected, it is no longer; its disclosure in the affidavit has waived whatever such privilege or protection might otherwise apply.

The Sheff firm also suggests that waiver should not be implied unless the party seeking discovery has made a showing that it cannot obtain the evidence from any other source. If Mr. Grady had not submitted an affidavit, and the MBTA had sought the same discovery, that doctrine might well come into play. Here, however, Mr. Grady has submitted an affidavit that

3

expressly discusses his recommendation to his client, his legal advice, and his lack of collusive intent.  Again, the MBTA in fairness should have the opportunity to obtain discovery as to those statements; in any event, it is doubtful that the information could be obtained from any source other than the actual affiant.

The documents called for by the subpoena, however, range much farther than the topics set forth in the affidavit.  The Sheff firm points to the burden that would be imposed by producing the entire file of the underlying case, which (the firm contends) is voluminous.  The only relevant subject matter is the allocation of the settlement, and that is likewise the only subject matter as to which the attorney-client privilege and the attorney work-product protection have been waived.  To the extent that the MBTA seeks to explore other matters, the motion to compel will be denied.

For the foregoing reasons, the motion of defendant MBTA to compel compliance with the keeper of records deposition subpoena is GRANTED in part and DENIED in part.  The keeper of the records of the Sheff Law Offices, P.C., shall appear for a deposition, at a reasonable time and place to be determined by the parties, and produce documents concerning the allocation of the settlement amount with CSX between compensatory and punitive damages, as well as any directly related issues, including but not limited to the decision to dismiss the punitive damages claim and whether that dismissal was collusive or otherwise improper.  The motion to compel is otherwise denied.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  December 14, 2011                                    United States District Judge