# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| Plaintiff, | ) |
| v. | ) 06-40211-FDS |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, | ) |
| Defendant. | ) |

## ORDER ON MOTION OF DEFENDANT MBTA TO COMPEL PRODUCTION OF DOCUMENTS FROM PLAINTIFF CSX

**SAYLOR, J.**

Defendant Massachusetts Bay Transportation Authority ("MBTA") has moved for an order compelling plaintiff CSX Transportation, Inc., "to produce attorney's fees invoices reflecting the hours of work, the specific tasks they relate to, and the individual's performing such tasks, in such unredacted form as permits intelligent examination and determination of such matters." (Def. Mem. at 1).

This dispute concerns CSX's right to receive indemnity from MBTA for certain expenses arising out of the *McTague* litigation, a wrongful-death action brought in state court. The relevant contractual provision, Section 7:03 of the Trackage Rights Agreement, provides that MBTA shall indemnify CSX for, among other things, its "reasonable attorneys fees." CSX seeks to have MBTA pay those fees. The disputed discovery request seeks production of the invoices underlying the payment of those fees.

The invoices submitted by its attorneys are obviously relevant, and should be produced unless privileged or otherwise protected. CSX contends that the invoices contain information that is protected by the attorney-client privilege and the attorney work-product doctrine.

As a general matter, attorney billing documents are privileged or subject to work-product protection only to the extent that they tend to reveal attorney-client communications or other protected information. Much of the information that is typically set forth in attorney's bills—for example, the identity of the attorneys, the dates of the work, the amount of time incurred, and the dollar amounts—is not privileged or protected except in unusual circumstances. As to individual entries describing the work performed, it should be obvious that a party that seeks recovery of its attorney's fees has impliedly waived any privilege as to any relevant invoices and related billing and payment records, at least as to the party from whom it seeks recovery. *See Nationwide Payment Solutions, LLC v. Plunkett*, 2001 WL 5150437 (D. Me. Oct. 28, 2011), and cases cited therein. An injured party who files suit seeking payment of medical expenses from an alleged tortfeasor is deemed to have waived any physician-patient privilege relating to that medical care; it is difficult to see why a party who files suit seeking payment of legal expenses under an indemnity arrangement should be treated any differently.

CSX argues that the invoices should be submitted to the Court for *in camera* review in order to preserve the privilege. But that would effectively bypass the adversarial process, and force the Court into the role of attempting to represent the interests of the MBTA. Such review may be appropriate where the parties dispute whether a matter is privileged, and disclosure to the opposing party would destroy the protection of the privilege. Here, it is clear that the invoices are *not* privileged—or, more accurately, that the privilege has been waived. If CSX wishes to

preserve the privilege as to any particular invoice, all it has to do is withdraw its claim for indemnity as to that invoice. Likewise, CSX can redact a particular entry if it chooses, in order to protect the privilege. Of course, it is difficult to see how CSX will be able to prove that the corresponding attorney fee is reasonable if the description of the services is redacted, but CSX cannot have it both ways.[1]

Accordingly, and for good cause shown, the motion of defendant MBTA to compel production of documents from CSX is GRANTED. CSX Transportation, Inc., shall produce unredacted invoices and billing information as to any attorneys' fees, expenses, and costs for which it seeks reimbursement. Such documents shall be produced no later than 14 days from the date of this order, or by December 28, 2011.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 14, 2011

---

[1] It is possible that some of the invoices in question are mixed, in the sense that entries for the *McTague* litigation are intertwined with entries for other matters. If so, CSX can of course redact the irrelevant entries and produce the remainder.